IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| EDDIE STARR,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>GEOFFREY C. HALL,<br><br>　　　　Defendant. | 8:24CV152<br><br>**MEMORANDUM AND ORDER** |

Plaintiff Eddie Starr filed his Complaint on April 25, 2024. Filing No. 1. He has been given leave to proceed in forma pauperis. Filing No. 9. The Court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

### I. SUMMARY OF COMPLAINT[1]

Plaintiff sues Defendant Geoffrey C. Hall ("Hall"), a judge for the District Court of Dodge County, Nebraska,

> for actual, statutory, and punitive damages, . . . for violations of Plaintiff's Constitutional Rights, numerous violations of the [United States Code], failure to follow judicial canon—including but not limited to maintaining impartiality—throughout the proceedings, to threaten the oppression of evidence regarding child abuse—in violation of The Child Abuse Prevention and Treatment Act and Nebraska Revised Statute 28-707 (Nebraska Law About Child Abuse), and ignoring several filings and requests by plaintiff, including any possible conflicts of interest, and mandated reports of the suspicions of child abuse.

---

[1] Plaintiff's Complaint consists of an eight-page typed document with nearly eighty pages of attachments. Filing No. 1. Plaintiff also filed what the Court construed as a supplement to his Complaint. Filing No. 7. However, the supplement merely alleges violations of various provisions of federal law and the Uniform Commercial Code with no discernible factual support or relevance to Plaintiff's claims against Hall. As the Court cannot discern any plausible claim for relief alleged against Hall within the supplement, the Court shall not consider or discuss it further.

Filing No. 1 at 1. Though not clearly alleged, Plaintiff's claims against Hall arise out of divorce proceedings instituted by Plaintiff's ex-wife, Tamzi LaFleur ("LaFleur"). *See Id.* at 4, 63. The Court takes judicial notice of the state court records in Plaintiff's divorce case in *LaFleur v. Starr*, No. CI23-20, District Court of Dodge County, Nebraska,[2] in which Hall entered a decree on October 13, 2023, dissolving the marriage between LaFleur and Plaintiff and awarding custody of the parties' minor children to LaFleur subject to Plaintiff's visitation rights in the parties' parenting plan. Plaintiff appealed from the October 13, 2023, decree, and his appeal was dismissed on March 1, 2024.

Essentially, Plaintiff claims Hall violated his constitutional rights under the First, Fifth, Sixth, Eighth, and Ninth Amendments by (1) entering a temporary custody award in March 2023 and refusing to modify Plaintiff's visitation schedule to accommodate his church attendance, *id.* at 4; (2) ordering Plaintiff, "a father who reports child abuse and has no criminal history of child abuse, to pay child support to abusers," *id.* (punctuation altered from original); (3) refusing to grant Plaintiff's discovery requests regarding Nebraska and out-of-state child protective services reports, *id.* at 3, 5; and (4) threatening to bar Plaintiff's evidence of child abuse and neglect if Plaintiff did not comply with LaFleur's attorney's discovery request after a hearing at which only LaFleur's attorney appeared, *id.* at 4, 6. Plaintiff also generally claims that Hall acted without subject matter jurisdiction and that the Dodge County Clerk of the Court failed to provide Plaintiff with proper notice of court hearings and other filings and also failed to properly file Plaintiff's brief on appeal. *Id.* at 3–4.

---

[2] This Court has been afforded access to the computerized record keeping system for the Nebraska state courts and may take judicial notice of public records. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records). Nebraska's judicial records may be retrieved on-line through the JUSTICE site, https://www.nebraska.gov/justice/case.cgi.

As relief, Plaintiff seeks to have Hall's judgments, orders, and decrees regarding child support and custody declared null and void, an award of damages, an order restricting LaFleur's contact with their children, and protection orders against Lester and Amaryah LaFleur, who are not parties to this action and appear to be LaFleur's parents. *Id.* at 7–8.

## II. LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION

Liberally construed, Plaintiff alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). For the reasons that follow, the Court finds that the Complaint fails to state a plausible claim for relief against Hall and should be dismissed.

### A. Lack of Personal Involvement

As an initial matter, Plaintiff appears to assert constitutional claims against Hall based on the Dodge County Clerk of the Court's failure to provide Plaintiff proper notice and file Plaintiff's pleadings. *See* Filing No. 1 at 4. However, "[t]o prevail on a § 1983 claim, a plaintiff must show each individual defendant's personal involvement in the alleged violation." *White v. Jackson*, 865 F.3d 1064, 1081 (8th Cir. 2017). Nothing in the Complaint suggests Hall was involved in, or responsible for, providing notice of court hearings to Plaintiff or filing his submissions to the court. Thus, Plaintiff fails to state a claim for relief against Hall based on any lack of notice or failure to file his pleadings.

### B. Sovereign Immunity

The Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities and an employee of a state sued in the employee's official capacity. *See, e.g.*, *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Ark. State Univ.*, 64 F.3d 442, 446–47 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh

Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g.*, *Dover Elevator Co.*, 64 F.3d at 444; *Nevels v. Hanlon,* 656 F.2d 372, 377–78 (8th Cir. 1981). Sovereign immunity does not bar damages claims against state officials acting in their personal capacities, nor does it bar claims brought pursuant to 42 U.S.C. § 1983 which seek equitable relief from state employee defendants acting in their official capacity.

Here, Plaintiff seeks monetary damages from Hall but does not specify in what capacity he sues Hall. As discussed above, the Eleventh Amendment bars monetary damages claims against the state, its instrumentalities, and state employees sued in their official capacities. Hall is a state court judge, and, as such, Hall enjoys sovereign immunity for damages claims made against him in his official capacity absent a waiver of immunity by the state or an override of immunity by Congress. There is no indication that Nebraska waived or Congress overrode immunity here. Therefore, Plaintiff's claims against Hall in his official capacity must be dismissed.

**C. Judicial Immunity**

Assuming Plaintiff also sues Hall in his individual capacity, Plaintiff cannot recover damages for his claims arising out of Hall's actions taken in Plaintiff's state divorce case as Hall is entitled to absolute immunity from such claims. A judge is immune from suit, including suits brought under § 1983 to recover for alleged deprivations of civil rights, in all but two narrow sets of circumstances. *Schottel v. Young,* 687 F.3d 370, 373 (8th Cir. 2012). "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* (internal citations omitted). An act is judicial if "it is one normally performed

5

by a judge and if the complaining party is dealing with the judge in his judicial capacity." *Id.* (internal citations omitted).

Clearly, Hall's actions in entering custody and child support orders and ruling on discovery requests were judicial actions for which Hall is absolutely immune. While Plaintiff alleges that Hall either acted without or lost subject matter jurisdiction, the Court has carefully reviewed Plaintiff's allegations and finds they are not supported by the law or facts. Thus, Plaintiff's claims against Hall for damages must be dismissed.

### D. *Rooker-Feldman* Doctrine

Plaintiff also appears to seek relief from the custody and child support orders Hall entered in the divorce case. However, the Court cannot provide such relief. The *Rooker-Feldman* doctrine prohibits lower federal courts from exercising appellate review of state court judgments, *see Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 482 (1983), because "no matter how erroneous or unconstitutional the state court judgment may be, the Supreme Court of the United States is the only federal court that could have jurisdiction to review a state court judgment." *Brokaw v. Weaver*, 305 F.3d 660, 664 (7th Cir. 2002) (citation and internal quotations omitted). The *Rooker-Feldman* doctrine generally applies where a case is brought by a loser in a state court action, complaining of injuries caused by the state court's judgment rendered before the district court proceedings commenced, and inviting the district court to review and reject that judgment. *See Exxon Mobile Corp. v. Saudia Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

Here, to the extent Plaintiff claims injury arising out of Hall's orders entered in the divorce case and seeks relief from those orders, such claims are barred by *Rooker-Feldman* and must be dismissed.

**E. Domestic Relations Doctrine**

Apart from and in addition to the *Rooker-Feldman* doctrine, a legal principle known as the domestic relations exception to federal jurisdiction also stands as an independent bar to federal subject matter jurisdiction over Plaintiff's claims related to the divorce case. *Kahn v. Kahn,* 21 F.3d 859, 861 (8th Cir. 1994). With respect to family law matters, the domestic relations exception divests the federal courts of jurisdiction over a narrow range of cases implicating domestic relations issues, such as divorce, allowance of alimony, child custody, and child support. *See Wallace v. Wallace,* 736 F.3d 764, 766 (8th Cir. 2013). Even "when a cause of action closely relates to but does not precisely fit into the contours of an action for divorce, alimony or child custody, federal courts generally will abstain from exercising jurisdiction." *Kahn,* 21 F.3d at 861. This doctrine precludes federal suit involving "a remedy which is essentially domestic—where, in addressing the same conduct involved in a state domestic proceeding, the effect of a remedy in the federal suit is to modify, nullify, or predetermine the domestic ruling of the state proceeding." *Wallace,* 736 F.3d at 767. No matter how styled, the domestic relations exception disallows domestic claims "cloaked in the 'trappings' of another type of [federal] claim." *Mandel v. Town of Orleans,* 326 F.3d 267, 271 (1st Cir. 2003) (quoting *Congleton v. Holy Cross Child Placement Agency, Inc.,* 919 F.2d 1077, 1078–79 (5th Cir. 1990)). Thus, Plaintiff's claims seeking relief related to the child support and custody determinations Hall made in the divorce case are barred by the domestic relations exception.

## IV. CONCLUSION

Plaintiff's Complaint fails to state a plausible claim for relief against Hall and his claims related to his state divorce case are barred by the *Rooker-Feldman* doctrine and domestic relations exception. Accordingly, the Court will

7

dismiss Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2) without prejudice and without leave to amend as further amendment would be futile.

IT IS THEREFORE ORDERED that:

1. This matter is dismissed without prejudice.
2. The Court will enter judgment by separate document.
3. Plaintiff's pending motion for summons, Filing No. 2, is denied as moot.

Dated this 17th day of March, 2025.

BY THE COURT:

_____
John M. Gerrard
Senior United States District Judge